(96 App. Div. 559.)

#### LITTLE v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. TELEPHONES—ERECTION OF POLES—USE OF HIGHWAYS—TRESPASS—EASEMENTS—LICENSES—REVOCATION.

 Where defendant erected telephone poles along a highway without consent of plaintiff's grantor, who owned the land to the center of the highway, defendant's occupancy of the premises after knowledge of the entry by plaintiff's grantor was under an implied license, which, having been initiated by a trespass, did not confer an easement on defendant to maintain the poles, but was subject to revocation at the will of the owner of the land.

2. SAME—NATURE OF ACTION—EJECTMENT.

 Where plaintiff owned the fee in a highway to the center thereof, and defendant was a trespasser in the erection of telephone poles therein, plaintiff was entitled to maintain ejectment to oust defendant from the use of the highway, and was not required to bring a suit in equity, in which defendant's equitable rights, if any, might be adjudicated.

Appeal from Trial Term, Monroe County.

Action by Charles Little against the American Telephone & Telegraph Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Elbridge L. Adams, for appellant.

Jay K. Smith, for respondent.

STOVER, J. In the year 1888 the defendant erected a telephone and telegraph line through the state of New York, and in the construction of its line erected poles and strung wires along the public highway in front of the property of one Wilcox. Wilcox was then a resident of a village near the farm in question, but was not residing upon the farm. It would appear that he knew when the line was built, and it does not appear that he ever made any objection. It does not appear, nor is it claimed, that the poles were erected with the consent of Wilcox, nor is there any claim that any right to go upon the premises or to erect the poles was obtained. Wilcox at the time was the owner to the center of the highway, and the plaintiff, by a subsequent conveyance, acquired the property. When the line was originally erected there was but one arm on the poles, and ten wires on the arm, and one wire on top of the pole. Since that time various alterations have been made, another arm having been placed upon the poles and ten more wires added. Plaintiff became the owner of the premises in 1896, and this action was commenced in 1901.

The action is ejectment, and the answer sets up the facts above stated, alleging the knowledge of Wilcox as to the erection of the poles, but in no way asserting any legal right in the property as against Wil-

cox. The contention of the defendant is that, having erected its poles with the knowledge of the owner of the premises, the plaintiff is estopped by the acquiescence of his predecessor and his own acquiescence. The original entry upon the lands of Wilcox, being without his consent, was a trespass. So long as the defendant occupied the premises, it was under whatever license might be implied after a knowledge of the entry upon the part of Wilcox. This did not give the defendant title or right to the easements, but it still held subject to the revocation which might be made at any time by Wilcox or his successor. The argument of the defendant is that the plaintiff should have brought an equitable action, and asked for some other relief. whereby the court could have settled all of the equities and adjudicated the equitable rights of the parties, if any. But the plaintiff was not bound to do this. If the defendant was a trespasser, the plaintiff was not bound to see that the most favorable condition was presented, but he had a right to choose the form of action, and, having done so, the defendant, if it had a case, could have presented it to the court. But the defendant does not come into court with an offer to do equity, or to perform any act upon its part, but insists solely that, because the plaintiff has not sooner moved to evict, it has acquired a right to hold the property. We think that until the statute of limitations has run against the action for ejectment, plaintiff had the right to bring it, and is now within his rights in this case.

Much stress is laid upon the public inconvenience, but this cannot be said to be an answer to a wrongful entry, or permit the taking of property without compensation. If the defendant is entitled to exercise the right of eminent domain, it must follow the requirements of law. We think that the defendant acquired no legal right to occupy the premises against the will of Wilcox or his successors by its entry, and that the plaintiff is entitled to judgment. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.